KM

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Ralph John Chapa, | ) | No. CV 12-2055-PHX-DGC (DKD) |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Matthew B. Barker, | ) | |
| Defendant. | ) | |

On November 8, 2011, Plaintiff Ralph John Chapa, who is confined in the Maricopa County Fourth Avenue Jail, filed a Complaint in the Superior Court of Maricopa County, Arizona, against Defendant Matthew Barker. On September 27, 2012, Defendant Barker, who is represented by attorney Klaus Peter Muthig, filed a Notice of Removal (Doc. 1). The Court will remand this case to Superior Court.

This Court has the duty to consider its subject matter jurisdiction *sua sponte*. Cf. Spencer Enterprises, Inc. v. United States, 345 F.3d 683, 687 (9th Cir. 2003); see 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). "Subject matter jurisdiction may not be waived, and . . . the district court must remand if it lacks jurisdiction." Kelton Arms Condominium Owners Ass'n, Inc. v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003).

1     "The removal statute is strictly construed against removal jurisdiction." <u>California ex rel. Lockyer v. Dynegy, Inc.</u>, 375 F.3d 831, 838 (9th Cir. 2004). The party invoking the statute bears the burden of establishing federal jurisdiction. <u>Id.</u>

    "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." <u>Caterpillar Inc. v. Williams</u>, 482 U.S. 386, 392 (1987). <u>See</u> <u>also</u> <u>California ex rel. Lockyer</u>, 375 F.3d at 838. The plaintiff is the master of the claim and "may avoid federal jurisdiction by exclusive reliance on state law." <u>Caterpillar</u>, 482 U.S. at 392. A plaintiff, therefore, may choose to have a case heard in state court "by eschewing claims based on federal law." <u>Id.</u> at 399. <u>See</u> <u>also</u> <u>California ex rel. Lockyer</u>, 375 F.3d at 838-39.

    Prior to removal, Plaintiff's initial state-court Complaint was dismissed with leave to amend. Plaintiff filed an Amended Complaint and Defendant filed a Motion to Dismiss (Defendant's second such motion). In his Notice of Removal, Defendant states that "[i]n opposing the Defendant's second motion to dismiss, Plaintiff indicated for the first time that he was seeking relief under the Eighth Amendment to the U.S. Constitution, indicating to Defendant that the case had become removable to the district court."

    On October 10, 2012, Plaintiff filed a "Reply to Case Assignment, Objection" in which he states that "in no instance does [Plaintiff] want this case before the Honorable David G. Campbell or David K. Duncan. Mr. Chapa's whole purpose of filing the claim in state court was to keep it out of the hands . . . of the federal courts of Phoenix Arizona." Plaintiff further claims that his references to the Eighth Amendment in his response to the Motion to Dismiss were in error and that he intended to refer to the Arizona Constitution's cruel and unusual punishment clauses.

    The Court has reviewed the original Complaint and Amended Complaint and finds no mention of a federal claim in either document. Although Plaintiff does reference the Eighth Amendment in his response to the Motion to Dismiss, the Complaint and Amended Complaint are the relevant documents for determining jurisdiction. <u>See</u> <u>Caterpillar</u>, 482 U.S.

- 2 -

at 392.  Moreover, Plaintiff's objection makes clear that he intended to raise only state law claims, despite his inartful response to the Motion to Dismiss.  See Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005) (the Court must liberally construe *pro se* pleadings).

Defendant Barker has therefore failed to meet his burden of establishing federal jurisdiction over this case.  The Court will remand this case to the Superior Court of Maricopa County.

**IT IS ORDERED:**

(1) This matter is **remanded** to the Superior Court of Maricopa County, Arizona.

(2) The Clerk of Court must mail a **certified copy** of this Order to:

> Michael K. Jeanes
> Clerk of the Superior Court
> Maricopa County, Arizona Superior Court
> 201 West Jefferson
> Phoenix, Arizona 85003-2205

(3) The Clerk of Court must close this case.

DATED this 13th day of November, 2012.

_____
David G. Campbell
United States District Judge